IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALICIA SPENCER EL,
   *Plaintiff*,

v.

MATT HOLLINGSWORTH, et al.
   *Defendants*.

Civil Action No. ELH-16-4016

**MEMORANDUM**

Alicia Spencer El, the self-represented plaintiff, filed suit against a loan servicer, Select Portfolio Servicing, Inc. ("SPS"), and Matt Hollingsworth, in his capacity as the Chief Executive Officer of SPS.[1] Plaintiff alleges, *inter alia*, that defendants violated the Fair Debt Collection Practices Act ("FDCPA"), as amended, 15 U.S.C. §§ 1692 *et seq.*; failed "to produce the wet-ink signature of the original instrument of indebtedness in its original form"; committed one or more unspecified "FTC Violations"; violated the "1987/1789 Treaty of Peace and Friendship between the Moroccan Empire . . . and the United States Republic ratified in 1836" ("Treaty"); and committed "default of estoppel by silent acquiescence." ECF 1. Plaintiff appended several exhibits to her Complaint. *See* ECF 1-2 through ECF 1-11.

On May 26, 2017, SPS and Hollingsworth moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to comply with Rule 8(a) and for failure to state a claim. ECF 12. The motion to dismiss is supported by a memorandum of law. ECF 12-1 (collectively, "Motion"). The Clerk promptly sent a letter to plaintiff on May 30, 2017, informing her of the

---

[1] Suit was filed in December 2016, but defendants were not served until May 2017. ECF 9; *see* ECF 10. In her Complaint, Spencer El asserts that Select Portfolio Services, LLC is "formerly known as Fairbanks Capital Corporation." According to defendants, the proper name of the corporate defendant is Select Portfolio Servicing, Inc. ECF 12-1 at 1 n.1. I shall use defendants' nomenclature.

right to respond to the Motion within seventeen days. ECF 13. In addition, the letter warned: "If you do not file a timely written response, the Court may dismiss the case or enter judgment against you without further notice." *Id.*

On June 14, 2017, the Court received correspondence from plaintiff requesting an extension of time to respond to the Motion. *See* ECF 14. Because plaintiff did not affix a certificate of service to her correspondence, plaintiff's request was returned to her. *Id.* Nevertheless, I extended until July 14, 2017, the time for plaintiff to respond to the Motion. ECF 15. Plaintiff did not respond, and the time for her to do so has expired. *See* docket.

Although the Motion is unopposed, the Court "has an obligation to review" it "to ensure that dismissal is proper." *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014) (collecting cases); *accord Thana v. Bd. of License Commissioners for Charles Cty., Maryland*, No. PWG-14-3481, 2017 WL 57211, at *1 (D. Md. Jan. 5, 2017), *on appeal*, No. 17-1192 (4th Cir. 2017). Moreover, the Court must construe liberally the pleadings of a pro se litigant, which are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion.

I. **Factual Background**

Spencer El's claims appear to stem from several communications directed to her from SPS and from "Atlantic Law Group, LLC" ("Atlantic"), pertaining to a default on plaintiff's mortgage, in the original amount of $189,000, payable to Deutsche Bank National Trust Company, as Trustee. *See* ECF 1; *see also* ECF 1-2 (correspondence from SPS); ECF 1-3

(correspondence from Atlantic); ECF 1-4 (correspondence from SPS). With reference to the communications from SPS, plaintiff states, ECF 1 at 5 (emphasis in original):

> I totally deny I owe a debt to the Debt Collectors/Servicers SPS. I don't know what they are talking about; I never received a loan from SPS; I have no proof that I received a loan from SPS; I don't know who they are; I don't know if they have capacity or standing at law via FDCPA 1692 to sue me; and even if what they are saying is right, they have to **prove** that they are the persons that have a right to collect any debt from me and it is still a question as to why the Debt Collectors/Servicers refuse to prove that they are the holders in due course.

Plaintiff alleges that after she received SPS's letter dated November 18, 2016 (ECF 1-4), which notified her that her mortgage loan payment was past due, she asked "this servicer . . . to identify themselves." *Id.* at 6. According to plaintiff: "They failed to verify or validate the debt or provide admissible evidence of this alleged debt. I don't recall any particular transaction with this servicer/debt collector and the identity is unknown to me." *Id.* In addition, plaintiff asserts: "Debt Collectors/Servicers have no information to prove that I owe them this amount of money; therefore, because I'm the only competent fact witness that was there when this consumer transaction took place, I, Alicia Yolonda Spencer El am truly the only competent fact witness to be able to state the facts thereof." *Id.* (emphasis in original). Further, plaintiff states: "Judge, I just need an order saying that they violated the FDCPA by sending me this ambiguous letter." *Id.* at 7.

According to plaintiff, SPS committed "FTC Violations" by misrepresenting the amount that she allegedly owed for her mortgage. *Id.* With reference to the FDCPA, plaintiff claims, *id.*:

1) "Debt Collectors/servicers falsely represented the character, amount, or legal status of my debt and violated 1692 g(b) disputed debts: validation of debt according to the FDCPA."

2) "Debt Collectors/servicers communicated or threatened to communicate credit information which was known to be false or should have been known to be false,

including the failure to communicate that a debt was disputed by me. This is further proof of misrepresentation."

3) "Debt Collectors/servicers used false representations or deceptive means to collect or attempt to collect a debt, or to obtain information concerning myself and (1692a (6) (4)--they are debt collectors and not the creditors and are pretending that I owe them a debt when I do not."

Furthermore, plaintiff claims that SPS violated the Treaty by "violating amendment V of the Constitution/contract between the Moroccan Empire and the United States by trying to deprive a Moroccan Indigenous Aboriginal Autochthonous flesh and blood being from her life, liberty, and most of all **PROPERTY**, without due process of law." *Id.* at 8 (emphasis in original).

## II. Standard of Review

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, ___ U.S. ____, 133 S. Ct. 1709 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The rule provides, *id.*:

(a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555.

To be sure, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ____, 135 S. Ct. 346, 346 (2014) (per curiam). Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint is insufficient if it provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those

facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

"When determining whether a complaint fails to comply with Rule 8(a), 'courts have looked to various factors, including the length and complexity of the complaint, *whether the complaint was clear enough to enable the defendant to know how to defend himself*, and whether the plaintiff was represented by counsel.'" *Rush v. Am. Home Mortg.*, Inc., WMN-07-854, 2009 WL 4728971, at *4 (D. Md. Dec. 3, 2009) (emphasis added) (quoting *North Carolina v. McGuirt*, 114 Fed. App'x. 555, 558 (4th Cir. 2004) (per curiam)) (internal citations omitted). A court may properly dismiss a complaint under Rule 12(b)(6) for failure to comport with Rule 8(a) if the complaint "does not permit the defendants to figure out what legally sufficient claim the plaintiffs are making and against whom they are making it." *McGuirt*, 114 Fed. App'x at 559.

In general, courts do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *accord King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense

are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 533 F.3d 334, 336 (4th Cir. 2009); *see also Meridian Investments, Inc. v. Fed. Home Loan Mortg. Corp.*, 855 F.3d 573, 577 (4th Cir. 2017) ("A defendant's claim that an action is time-barred is an affirmative defense that it can raise in a motion to dismiss when the 'face of the complaint includes all necessary facts for the defense to prevail.'") (citation omitted). However, because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis added in *Goodman* ).

Under limited exceptions, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). A court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ." *Goines*, 822 F.3d at 166 (citations omitted); *see U.S. ex rel. Oberg*, 745 F.3d at 136 (quoting *Philips v. Pitt Cty Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

As noted, plaintiff is self-represented. In granting a motion to dismiss a complaint brought by a self-represented plaintiff, Judge Bennett explained in *Jackson v. Experian Fin. Servs.*, RDB-13-1758, 2014 WL 794360, at *1 (D. Md. Feb. 26, 2014) (alterations in *Jackson*):

> As this Court has held, "'the proper length and level of clarity for a pleading cannot be defined with any great precision and is largely a matter for the discretion of the trial court.'" *Stone v. Warfield,* 184 F.R.D. 553, 555 (D. Md. 1999) (quoting *Charles A. Wright & Arthur R. Miller,* 5 Federal Practice & Procedure § 1217 (2d ed. 1990)). Although a pro se plaintiff is generally given more leeway than a party represented by counsel, this Court "has not hesitated to require even pro se litigants to state their claims in an understandable and efficient manner." *Id.* (citing *Anderson v. Univ. of Md. Sch. of Law,* 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990) (unpublished table decision)). To that end, a district court "is not obliged to ferret through a [c]omplaint, searching for viable claims." *Wynn–Bey v. Talley,* No. RWT–12–3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012). Rather, a court "may dismiss a complaint that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (quoting *Salhuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988)).

And, in *Green v. United States*, GLR-15-2026, 2016 WL 7338408 (D. Md. Dec. 19, 2016), Judge Russell dismissed the case, *sua sponte*, and explained, *id.* at *1:

> The instant Complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be" and imposes a burden on the court to sort out the factual basis of any claims fairly raised, making dismissal under Rule 8 appropriate. *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981); *see also Spencer v. Hedges*, 838 F.2d 1210 (Table) (4th Cir. 1988). To comply with the rule, a Plaintiff must provide enough detail to illuminate the nature of the claim and allow Defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although district courts have a duty to construe self-represented pleadings liberally, Plaintiff must nevertheless allege facts that state a cause of action. See *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented).

### III. Discussion

As indicated, SPS and Hollingsworth have moved to dismiss the case for failure to comply with the pleading requirements of Rule 8(a) and for failure to state a claim upon which relief can be granted. ECF 12-1.

With respect to Rule 8(a), defendants assert: "Plaintiff has not provided a short or plain statement of her claims nor provided the requisite factual information required to support her claims." *Id.* at 4. According to defendants, the Complaint is "vague, nonspecific, and lacks the level of particularity that would allow any reasonable party to be on notice of what wrongful acts Plaintiff is alleging SPS committed." *Id.* Further, defendants claim that plaintiff has not articulated a plausible claim for relief and has not recited the elements of any cause of action. *Id.* In addition, defendants point out that no allegations are made concerning the conduct of Hollingsworth. *Id.*

I agree with defendants that plaintiff has failed to comply with the pleading requirements of Rule 8(a). Plaintiff does not provide a short and plain statement as to why she is entitled to relief. *See* ECF 12-1; Fed. R. Civ. P. 8(a)(2). Plaintiff identifies various claims, but fails to identify which claims she is pursuing in her action and what facts support each claim. *See* ECF 1. For example, on page one of the Complaint, plaintiff lists five causes of action, including the FDCPA; "failure to produce the wet-ink signature of the original instrument"; "default of estoppel by silent acquiescence"; "federal question jurisdiction"; and the Treaty. *Id.* at 1. But, on page two of the Complaint, plaintiff states that her suit is based on the FDCPA; "FTC Violations"; "deceptive practices related to the Federal Trade Commission Act (Section 5)"; and "other relief and claims. . . ." *Id.* at 2. And, on pages seven and eight, plaintiff lists only three causes of action: "FTC Violations" (*id.* at 7); "FDCPA Violations" (*id.*); and "Federal Question Jurisdiction", which references the Treaty. *Id.* at 8.

Given the lack of clarity and consistency in the Complaint, the Court cannot determine with any confidence what claims plaintiff seeks to pursue in her Complaint, other than the claim under the FDCPA. In addition, apart from the alleged violations of the FDCPA, plaintiff does

not indicate with any particularity what facts form the basis of her claims. And, the Court cannot determine what claims, if any, are asserted against Mr. Hollingsworth.

In short, plaintiff has failed to comply with Rule 8(a) because the Complaint places a substantial burden on the Court and the defendants to determine what legally sufficient claims plaintiff is making, and against whom she is making those claims. Therefore, I shall grant the motion to dismiss, without prejudice, and with leave to amend.

Furthermore, as explained below, even if the Complaint complied with Rule 8(a) as to her claims under the FDCPA, dismissal would nevertheless be appropriate under Rule 12(b)(6).[2] I pause to review the FDCPA.

Congress enacted the FDCPA in 1977 (*see* Pub. L. 95–109, 91 Stat. 874 (1977)) to protect consumers from debt collectors who engage in "abusive, deceptive, and unfair debt collection practices," to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *see Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010); *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996). The statute is concerned with "rights for consumers whose debts are placed in the hands of professional debt collectors . . . ." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001); *see also Ruth v. Triumph Partnerships*, 577 F.3d 790, 797 (7th Cir. 2009).

"A significant purpose of the Act" is the elimination of "abusive practices by debt collectors . . . ." *Brown v. Card Service Center*, 464 F.3d 450, 453 (3d Cir. 2006). Because the FDCPA is a remedial statute, it is construed liberally in favor of the debtor. *Id.*; *see*, *e.g.*, *Russell*

---

[2] I do not consider plaintiff's potential claims other than her claim under the FDCPA because, as discussed above, it is not clear what other causes of action plaintiff intends to pursue.

*v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 393 (4th Cir. 2014) (citing *Atchison, Topeka & Santa Fe Ry. Co. v. Buell*, 480 U.S. 557, 561-62 (1987)) (recognizing the canon of statutory interpretation that remedial statutes are to be construed liberally)); *Glover v. F.D.I.C.*, 698 F.3d 139, 149 (3d Cir. 2012); *Hamilton v. United Healthcare of La.*, 310 F.3d 385, 392 (5th Cir. 2002).

To establish a claim under the FDCPA, "a plaintiff must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Boosahda v. Providence Dane LLC*, 462 Fed. App'x 331, 333 n.3 (4th Cir. 2012) (quoting *Ruggia v. Wash. Mut.*, 719 F. Supp. 2d 642, 647 (E.D. Va. 2010)); *see Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012). "Debt collectors that violate the FDCPA are liable to the debtor for actual damages, costs, and reasonable attorney's fees." *Russell*, 763 F.3d at 389 (citing 15 U.S.C. § 1692k(a)(1), (a)(3)). In addition, the FDCPA provides the potential for statutory damages up to $1,000, "subject to the district court's discretion." *Id.* (citing 15 U.S.C. § 1692k(a)(2)(A)).

Title 15, § 1692e(10) of the United States Code provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Section 1692f of the same Title states, in pertinent part: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

The FDCPA defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); *see Schlegel v. Wells Fargo Bank, N.A.*, 720 F.3d 1204, 1208-09 (9th Cir. 2013); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 404 (3d Cir. 2000). Thus, the original creditor is not a debt collector. *Carter v. AMC, LLC*, 645 F.3d 840, 843 (7th Cir. 2011). Moreover, under the Act, the definition of "debt collector" does not include an entity that is "collecting or attempting to collect any debt . . . to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person . . . ." *Id.* § 1692a(6)(F).

Pertinent to the case *sub judice*, "'many courts have held [that] a servicer of a loan . . . is not a debt collector under the FDCPA . . . .'" *Hardnett v. M&T Bank*, 204 F. Supp. 3d 851, 860 (E.D. Va. 2016) (quoting *Blick v. Wells Fargo Bank, N.A.*, No. 3:11-CV-00081, 2012 WL 1030137, at *7 (W.D. Va. Mar. 27, 2012), *aff'd*, 474 Fed. App'x 932 (4th Cir. 2012)); *see also Ayres v. Ocwen Loan Servicing, LLC*, 129 F. Supp. 3d 249, 277 (D. Md. 2015) ("Generally, mortgage servicing companies are not debt collectors under the FDCPA."); *Okoro v. Wells Fargo Bank, N.A.*, PX 16-0616, 2016 WL 5870031, at *10 (D. Md. Oct. 6, 2016) ("'[C]reditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA.'") (citation omitted) (alteration in *Okoro*), *aff'd*, No. 16-2274, 2017 WL 1291278 (4th Cir. Apr. 7, 2017). However, a mortgage servicer may be a debt collector "when it attempts to collect a debt that was in default at the time the servicer acquired it." *Singletary v. Nationstar Mortg., LLC*, TDC-14-3204, 2016 WL 1089419, at *4 (D. Md. Mar. 21, 2016) (citing, *inter alia*, *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536-39 (7th

Cir. 2003)); *see also Combs v. Bank of Am., N.A.*, GJH-14-3372, 2016 WL 8672923, at *5 (D. Md. Sept. 16, 2016) ("A mortgage servicer, such as BANA, may be a debt collector under the Act where it acquires a mortgage in default solely for the purpose of facilitating collection of such debt.") (internal quotations and citation omitted).

In the Motion, defendants claim that plaintiff has failed to state a claim under the FDCPA because "Plaintiff has not alleged facts sufficient to demonstrate that SPS was a debt collector on her loan and thus subject to liability . . . ." ECF 12-1 at 4. In particular, SPS claims that it cannot be a debt collector because plaintiff "concedes SPS is a servicer" in her Complaint. *Id.* at 5. In addition, SPS notes that plaintiff did not allege that SPS acquired her loan after it was in default. *Id.* at 5-6.

In my view, plaintiff has failed to state a claim under the FDCPA. To be sure, plaintiff has asserted that SPS is a debt collector. *See* ECF 1. But, plaintiff's assertion is conclusory; she presents no factual basis in support of her claim. *See* ECF 1. This is particularly true in view of the fact that plaintiff seems to acknowledge that SPS was acting in the capacity of a mortgage servicer in connection with its letters. *Id.* at 3, 5, 6, 7, 8. Notably, plaintiff frequently refers to SPS as the "Debt Collectors/Servicers." *See, e.g.*, *id.* at 3, 5. But, plaintiff does not allege that SPS began servicing her mortgage after she was already in default. *See* ECF 1. This alone is fatal to her FDCPA claim. Accordingly, dismissal is appropriate as to plaintiff's claim under the FDCPA, because plaintiff has not alleged that SPS was a debt collector within the meaning of the statute.

### IV.  Conclusion

For the reasons stated herein, plaintiff has failed to comply with the pleading requirements of Rule 8(a) and has otherwise failed to state a claim under the FDCPA.

Accordingly, I shall GRANT defendants' Motion (ECF 12), pursuant to Fed. R. Civ. P. 12(b)(6), but with leave to amend the Complaint to cure the defects identified in this Memorandum, within the time provided in the accompanying Order. If plaintiff fails to submit an Amended Complaint within the appropriate time, I will direct the Clerk to close the case.

An Order follows, consistent with this Memorandum.


Date:   August 17, 2017                                      /s/
                                                     Ellen Lipton Hollander
                                                     United States District Judge